**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LACY J. DALTON, et al.,

Plaintiffs,

v.

CITIMORTGAGE, INC., et al.,

Defendants.

3:09-cv-0534-LDG-VPC

**ORDER**

Plaintiff Lacy J. Dalton, along with over eighty other Plaintiffs, filed a putative class action based on Defendants' allegedly improper mortgage and foreclosure practices. Defendants are various entities involved in originating, securitizing, servicing, or foreclosing Plaintiffs' mortgages. A number of Defendants have filed motions to dismiss Plaintiffs' unjust enrichment claim (ECF Nos. 313, 316, 317, 318, 319, 321, 402, 403, 406, 409), and the court now addresses those motions.[1]

**I. Background**

On September 14, 2009, Plaintiffs filed suit alleging six claims for relief: wrongful foreclosure, unjust enrichment, conspiracy to commit wrongful foreclosure, conspiracy to commit

[1] Plaintiffs have failed to file any opposition to a number of these motions (ECF Nos. 402, 403, 406, 409) and so have consented to the granting of these motions. *See* LR 7-2(d).

fraud, injunctive relief, and declaratory relief. On December 9, 2009, pursuant to a transfer order (ECF No. 252) issued by the United States Judicial Panel on Multidistrict Litigation, Plaintiffs' claims related to the formation and/or operation of the MERS system were transferred to the District of Arizona (the "MDL court") for coordinated or consolidated pretrial proceedings. On March 23, 2010, the MDL court issued an order (ECF No. 303) specifically remanding Plaintiffs' "claim for unjust enrichment based on loan origination issues" and Plaintiffs' claims for injunctive or declaratory relief based on that same theory. Order Clarifying MDL Transfer Order 6, 8-9, ECF No. 303. The MDL court retained jurisdiction over all other claims. *Id.* at 9-11, 13. The following order is accordingly limited to "loan origination issues" presented in Plaintiffs' second, fifth, and sixth causes of action.

## II. Analysis

### A. Legal Standard

Defendants' motions to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenge whether Plaintiffs' Complaint states "a claim upon which relief can be granted." In ruling upon these motions, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Accordingly, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

**B. Unjust Enrichment**

Plaintiffs allege unjust enrichment against various Defendants.[2] Under Nevada law, unjust enrichment occurs when "a person has and retains a benefit which in equity and good conscience belongs to another." *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975,* 942 P.2d 182, 187 (Nev. 1997). An action "based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Id.* The doctrine of unjust enrichment thus only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id.* (quoting 66 Am. Jur. 2d *Restitution* § 11 (1973)).

Plaintiffs have failed to state a valid claim for unjust enrichment. Plaintiffs allege that Defendants have been unjustly enriched by wrongfully retaining profits resulting from a "deceptive scheme" where Plaintiffs were "targeted for and lured into mortgages," the terms of which Plaintiffs did not understand. Plaintiffs' unjust enrichment claim fails, however, because it is based upon express, written contracts. *See Duncan v. Countrywide Home Loans, Inc.*, No. 3:09-CV-00632, 2010 WL 5463863, at *6 (D. Nev. Dec. 28, 2010) ("Here, Plaintiffs specifically allege contracts. Those contracts, the notes and deeds of trust, specify their terms."); *Josephson v. EMC*

---

[2] Plaintiffs allege unjust enrichment against "Defendant Securitizers and Servicers." Compl. 82, ECF Nos. 1-3. Plaintiffs' Complaint classifies Defendants as "Lenders," "Securitizers," "Servicers," or "Foreclosers." *Id.* ¶¶ 102-05. Although all three Defendants classified as "Lenders" are also classified as either "Securitizers" or "Servicers," none of the nine Defendants classified as "Foreclosers" are also classified as "Securitizers" or "Servicers." *See id.* Accordingly, Plaintiffs do not allege unjust enrichment against the following Defendants: Defendants Aztec Foreclosure Corp., California Reconveyance Company, Cooper Castle Law Firm, LLP, C.R. Title Services, Inc., Executive Trustee Services, LLC, National Default Servicing Corporation, Quality Loan Service Corp., ReconTrust Company, and T.D. Service Company.

*Mortg. Corp.*, No. 2:10-CV-336 JCM (PAL), 2010 WL 4810715, at *3 (D. Nev. Nov. 19, 2010) ("Since there is no dispute with regards to the existence of an expressed [sic] agreement, the loan, the plaintiffs are unable to claim unjust enrichment."); *Anderson v. Deutsche Bank Nat'l Trust Co.*, No. 2:10-CV-1443 JCM (PAL), 2010 WL 4386958, at *4 (D. Nev. Oct 29, 2010) ("Here, the plaintiff's loan documents created the express, written agreement upon which the plaintiff bases a majority of his claims. Accordingly, there can be no agreement implied where there is an express agreement, and claim seven [unjust enrichment] is dismissed as to all defendants."). The notes and deeds of trust specifically "guided the interactions, obligations, and rights of the parties. As such, [Plaintiffs] cannot make a claim in equity for actions that are controlled by a contract to which they are parties." *Kenneweg v. Indymac Bank, FSB*, No. 3:10-cv-0475-LRH-RAM, 2011 WL 13853, at *4 (D. Nev. Jan. 4, 2011). Plaintiffs' claim that they did not contract directly with certain Defendants is inapposite. As previously observed by this court:

> In opposition, Contreras argues that there is no direct contract between himself and moving defendants as loan servicers and foreclosure trustees and that his claim for unjust enrichment is based on moving defendants [sic] retention of monetary benefits related to their services despite the lack of an express contract authorizing their retention of these benefits. However, the loan servicers and foreclosure trustees' rights to conduct a non judicial foreclosure and retain money [from] servicing the loan arise from the mortgage note, deed of trust, and subsequent transfers of rights related to these documents to which Contreras is a party. Accordingly the court shall grant defendants' motion as to Contreras's claim for unjust enrichment.

*Contreras v. Master Fin., Inc.*, No. 3:10-cv-0477-LRH-VPC, 2010 WL 4608300, at *4 (D. Nev. Nov. 4, 2010). Additionally, insofar as Plaintiffs allege that their unjust enrichment claim survives because these contracts were fraudulently procured, Plaintiffs have failed to sufficiently allege fraudulent inducement, *see Goodwin v. Exec. Tr. Services, LLC*, No. 3:09-CV-306-ECR-PAL, 2010 WL 5056192, at *4 (D. Nev. Dec. 2, 2010), and the MDL court has already dismissed Plaintiffs' only claims of fraud and conspiracy, *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, --- F. Supp. 2d ----, 2010 WL 4038788, at *6-7 (D. Ariz. Sep. 30, 2010). Furthermore, other courts have dismissed unjust enrichment claims based on allegations nearly identical to those in

Plaintiffs' Complaint. *See Dyson Fourness v. Mortg. Elec. Registration Sys., Inc.*, No. 3:10-CV-40-ECR-RAM, 2010 WL 5071049, at *4 (D. Nev. Dec. 10, 2010) ("The basic premise of Plaintiffs' claim for unjust enrichment is that they were 'targeted for and lured' into their mortgages. These mortgages are express and written contracts; Plaintiffs' fifth claim thus fails and will be dismissed.") (internal citations omitted); *Goodwin*, 680 F. Supp. 2d 1244, 1255 (D. Nev. 2010) (same). Therefore, even construing the pleadings in the light most favorable to Plaintiffs, Plaintiffs have failed to state a valid "claim for unjust enrichment based on loan origination issues." Order Clarifying MDL Transfer Order 6. Plaintiffs' second claim is accordingly dismissed insofar as this claim has been remanded to this court.

**C. Injunctive and/or Declaratory Relief**

Plaintiffs' fifth and six claims, for injunctive and declaratory relief, are technically prayers for relief, not independent causes of action. *See, e.g.*, *Anderson*, 2010 WL 4386958, at *5. Consequently, these claims fail because Plaintiffs have failed to state a valid, remanded claim upon which relief may be granted. Therefore, Plaintiffs' claims for injunctive and declaratory relief are dismissed as to all Defendants.

## III. Conclusion

For the reasons stated above,

THE COURT HEREBY ORDERS that Defendants' motions to dismiss (ECF Nos. 313, 316, 317, 318, 319, 321, 402, 403, 406, 409) are GRANTED on the following basis: We lack jurisdiction over Plaintiffs' claims that were transferred to the MDL court; this order only dismisses the claims remanded to us pursuant to the MDL court's order (ECF No. 303) clarifying which claims remain within our jurisdiction.

THE COURT FURTHER ORDERS that Plaintiffs' motion for a temporary restraining order (ECF No. 333) is DENIED as moot.

///

Dated this 20 day of January, 2011.

Lloyd D. George
United States District Judge