Abran E. Vigil
Nevada Bar No. 7548
Christina Royce
Nevada Bar No. 12274
**BALLARD SPAHR LLP**
100 North City Parkway, Suite 1750
Las Vegas, NV 89106-4617
Telephone:  702-471-7000
Facsimile:   702-471-7070
E-mail: vigila@ballardspahr.com
E-mail: roycec@ballardspahr.com

*Attorneys for Defendant
SunTrust Mortgage*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LACY DALTON, *et al.*, | CASE NO. 3:09-cv-00534-LDG-VPC |
| Plaintiffs, | **SUNTRUST MORTGAGE'S RENEWED MOTION TO EXPUNGE PLAINTIFF CHRISTOPHER BALLENGEE'S LIS PENDENS, OR ALTERNATIVELY MOTION TO RECONSIDER** |
| vs. | |
| CITIMORTGAGE INC., *et al.*, | |
| Defendants. | |

Defendant SunTrust Mortgage ("SunTrust") files this renewed motion to expunge the notice of lis pendens filed by Christopher Ballengee ("Plaintiff") following the dismissal of all pending claims in the *In re Mortgage Electronic Registration Systems (MERS) Litigation*, No. 09-2119(JAT) (the "MDL litigation") by Judge Teilborg in the United States District Court of Arizona (the "MDL Court").  Alternatively, SunTrust brings this motion to reconsider this Court's Order [#428] denying SunTrust's original Motion to Expunge Lis Pendens [#414].  This motion is based on the pleadings and papers on file herein, the following memorandum of points and authorities, and any oral argument the Court may entertain on the matter.

1

DMWEST #8545206 v1

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION

Plaintiff Ballengee filed this action on September 14, 2009 with a group of other plaintiffs as part of a putative class action in the United States District Court of Nevada. The multi-district litigation panel transferred all claims relating to the formation and operation of MERS to the MDL Court on June 3, 2010 [#60]. In its March 21, 2011 Order, the MDL Court explained that it would not retain claims that related to origination and collection practices, or otherwise strayed from the common factual core of the MDL, even if MERS was named as a defendant. *See* MDL Order [#79] at 3.

Plaintiff Ballengee stipulated to dismissal of his claims against SunTrust on December 20, 2010. *See* Stipulation of Dismissal and Order to Dismiss Defendants Midland Mortgage Company and SunTrust Mortgage with Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) [#399]. This Court then dismissed SunTrust with prejudice on December 22, 2010. *See* Order [#401]. Despite SunTrust's dismissal, on February 2, 2011, Plaintiff recorded a lis pendens (the "Lis Pendens") on the property located at 7013 Voyage Drive, Sparks, Nevada 89436 (the "Property"). SunTrust brought a motion to expunge the Lis Pendens on April 1, 2011 [#414]. Plaintiff opposed the motion, arguing that it was premature because of the ongoing MDL litigation. *See* Response to Motion to Expunge Lis Pendens [#420]. The Court denied SunTrust's motion, stating that the "MDL court retains jurisdiction over Christopher Ballengee's remaining claims, and the propriety of the lis pendens must be analyzed in the context of any remaining claims." *See* Order [#428].

The putative class action plaintiffs filed their Consolidated Amended Complaint ("CAC") [#1424] in the MDL litigation on June 4, 2011. Neither the CAC, nor any pleadings since have articulated any claims against SunTrust. On October 3, 2011, the MDL Court dismissed the putative class action plaintiffs' CAC with prejudice. *See* Order [#1602] ("MDL Dismissal Order"). As Plaintiff Ballengee had no basis for filing the Lis Pendens, and his claims against SunTrust and all of the putative class action plaintiffs'

2

claims in the MDL litigation have both been dismissed with prejudice, SunTrust renews its request that this Court expunge the Lis Pendens based on the claims pending before it. Alternatively, SunTrust requests that the Court reconsider its Order denying SunTrust's Motion to Expunge because allowing a Lis Pendens on the Property to continue following the dismissal of all claims in the MDL litigation creates an inequitable and injurious result to SunTrust.

## II.    LEGAL ARGUMENT

### A.    Standard of Review

Pursuant to Nevada statute, Plaintiff has the burden of demonstrating that the Lis Pendens is proper. *See* N.R.S. §14.015(2). A lis pendens is appropriate only where the action affects title or possession of real property. *See* N.R.S. §14.010(1). Once a claimant records a notice of lis pendens, the opposing party may move to expunge the lis pendens pursuant to Nev. Rev. Stat. §14.015. To justify the filing of a lis pendens, a claimant must meet the requirements set forth in Nev. Rev. Stat. §14.015(2), namely that (a) the action affect the title or possession of the property; (b) the action was not brought in bad faith or for an improper motive; (c) claimant will be able to perform any conditions precedent to the relief sought in the action regarding the title or possession of the property; and (d) claimant can establish that it would be injured by the transfer of any interest in the property before the action is concluded. In addition to these elements, a claimant must also establish the likelihood of success on the merits or a fair chance of success, such that the hardship on the party recording the lis pendens is greater than the hardship on the property owner. *See* N.R.S. §14.015(3). "If the court finds that the party who recorded the [lis pendens] has failed to [meet the required standards], the court shall order the cancellation of the lis pendens." N.R.S. §14.015(5).

On a motion for reconsideration, a party may seek relief from a judgment or order based on (1) a mistake; (2) newly discovered evidence; (3) fraud; (4) if the judgment is void; (5) if the judgment has been satisfied, discharged, reversed, vacated, or if applying it is no longer equitable; (6) or any other reason justifying relief. *See* Fed. R. Civ. P.

3

60(b).  Courts have recognized a motion to reconsider under Rule 60 as codifying the long-established principle of equity practice, that a court has discretion to recognize changed circumstances*.  See Gilmore v. California*, 220 F.3d 987 (9th Cir. 2000).

**B.     SunTrust's Motion to Expunge Should Be Granted Based on the Issues Before This Court**

**1.     Plaintiff Cannot Meet Its Burden Under N.R.S. §14.015(2)**

Plaintiff is unable to satisfy the statutory requirements under Nev. Rev. Stat. §14.015(2) and therefore cannot establish any legal basis for recording the Lis Pendens.  Under the Nevada statute, claimants are prohibited from having a bad or improper motive for recording a lis pendens.  *See* N.R.S. §14.015(2)(b).  Plaintiff's motive here, at best, is questionable.  Plaintiff has already dismissed SunTrust from the pending litigation with prejudice.  Moreover, Plaintiff never added any claims as to SunTrust in the MDL litigation.  Plaintiff's filing of the Lis Pendens impedes SunTrust's contractual and statutory rights to the property, in a hope of maintaining property for which Plaintiff has no rights.  *See* N.R.S. §14.015(2)

In addition, a claimant must be able to perform any conditions precedent to the relief sought as well as establish that it would be injured by a transfer of interest in the property before the action is concluded.  *See* N.R.S. §14.015(2)(c)-(d).  Plaintiff Ballengee cannot perform any conditions precedent to the relief sought since he has already defaulted on his loan agreement and no longer owns the Property.  Moreover, Plaintiff cannot establish that he would be damaged by a transfer of interest in the Property at issue.  The dismissal of all claims in the MDL litigation resulted in the conclusion that the action and Plaintiff was not successful on his claims.  As such, Plaintiff does not meet the necessary requirements under Nev. Rev. Stat. § 14.015(2) and therefore cannot meet his burden for maintaining a Lis Pendens on the Property.

DMWEST #8545206 v1

### 2. Plaintiff Cannot Establish a Likelihood of Success on the Merits or Fair Success Under the Balancing Requirements Under §14.015(3)

Plaintiff's inability to satisfy the statutory requirements under Nev. Rev. Stat. §14.015(3) of establishing a likelihood of success on the merits or a fair success under the balancing requirements further necessitates removal of the Lis Pendens.  In addition to meeting the requirements under Nev. Rev. Stat. §14.015(2) detailed above, a claimant must also show either that it (a) has a likelihood of success on the merits or (b) has a fair chance of success, such that the hardship on the party recording the lis pendens is greater than the hardship on the opposing party under Nev. Rev. Stat. §14.015(3). Plaintiff Ballengee has *no* probability of success on the merits because SunTrust discharged all of its duties under the foreclosure statute and has been dismissed from the litigation with prejudice, pursuant to Plaintiff's own stipulation.  Any other claims or legal theories Plaintiff may have attempted to pursue in the MDL litigation have now also been dismissed with prejudice.

Moreover, a balancing of hardships falls in favor of expunging the Lis Pendens. SunTrust has suffered a severe hardship for over eight months because of Plaintiff's Lis Pendens, which effectively precludes a sale of the Property.  During that time, Plaintiff has not brought any additional claims against SunTrust and all of its claims in the MDL litigation have now been dismissed.  In contrast, expunging the Lis Pendens will cause no harm to Plaintiff because Plaintiff no longer has an interest in the Property and any claims to the contrary have now been dismissed with prejudice.  Plaintiff cannot establish either a likelihood of success on the merits or that a balancing of hardships falls in his favor. Accordingly, Plaintiff cannot meet his statutory burden and the Court should therefore expunge the Lis Pendens.

### C. Alternatively, Reconsideration of the Court's Order Denying SunTrust's Motion to Expunge is Proper in Light of the Recent Dismissal of Claims in the MDL Litigation

SunTrust's motion to reconsider should be granted based upon the changed circumstances and inequitable result of Plaintiff maintaining the Lis Pendens on the

5

DMWEST #8545206 v1

Property following the MDL Dismissal Order. Under Rule 60 of the Federal Rules of Civil Procedure, relief from a court's order is proper if its application is no longer equitable or for any other reason that justifies relief. *See* F.R.C.P. 60(b)(5)-(6). The Court's Order denying SunTrust's motion to expunge was based on the MDL Court's jurisdiction of Plaintiff Ballengee's remaining claims. *See* Order [#428]. The MDL Court has now ordered a complete dismissal of all of the putative class claims. *See* MDL Dismissal Order at 20. Thus, Plaintiff Ballengee no longer has any existing claims in the MDL action. Given that Plaintiff Ballengee's claims have now been dismissed both as to SunTrust and as part of the MDL litigation with prejudice, allowing the Lis Pendens to continue on the Property will cause further injury and an inequitable result to SunTrust. Accordingly, SunTrust asks the Court to reconsider its Order dismissing SunTrust's motion to expunge because there are no remaining claims in the MDL action to consider, and to expunge the lis pendens based on the claims pending before this Court.

### III. CONCLUSION

Because Plaintiff is unable to demonstrate the validity of the Lis Pendens as required by statute, and because all of Plaintiff's claims in the MDL litigation and against SunTrust have been dismissed, SunTrust respectfully requests that this Court expunge the Lis Pendens either on the basis of SunTrust's Renewed Motion to Expunge the Lis Pendens or alternatively as a Motion to Reconsider.

DATED this __ day of October, 2011.

BALLARD SPAHR LLP

By: /s/ _____
Abran E. Vigil
Nevada Bar No. 7548
Christina Royce,
Nevada Bar No. 12274
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

*Attorneys for Defendant SunTrust Mortgage*

ORDER

IT IS SO ORDERED the above Motion to Expunge Lis Pendens is granted.

DATED this 22 day of November, 2011.

_____
Lloyd D. George
Sr. U.S. District Judge

6

DMWEST #8545206 v1